# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK OWENS, JR., | CASE NO.    1:11-cv-01540-LJO-MJS (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 1) |
| R. H. TRIMBLE, et al., | |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

## SCREENING ORDER

**I.    PROCEDURAL HISTORY**

On September 13, 2011, Plaintiff Fredrick Owens, Jr., a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)  Plaintiff's Complaint is now before the Court for screening.

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

III.   **SUMMARY OF COMPLAINT**

Plaintiff's Complaint names the following individuals as Defendants: (1) R.H. Trimble, Warden, Pleasant Valley State Prison (PVSP); (2) H. Martinez, Appeals Coordinator, PVSP; (3) Deborah Hysen, Chief Deputy Secretary, California Department of Correction (CDC);  and (4) Arnold Schwarzenegger, former Governor.

Plaintiff alleges the following:

Valley Fever is a deadly disease that is prevalent at PVSP.  Plaintiff is asthmatic and inmates with respiratory impediments are particularly susceptible to contracting Valley Fever.  On June 9, 2011, Plaintiff filed an inmate appeal citing these facts and requesting to be transferred out of PVSP.  (Compl. at 4.)

Defendant Martinez screened out and refused to process Plaintiff's inmate appeal.

2

The appeal was not processed because Plaintiff's asthma diagnosis originated from a previous prison and had expired.  Martinez also cited the fact that Plaintiff was attempting to appeal an action or decision that had not yet occurred.  (Id. at 3.)

Plaintiff began showing symptoms of Valley Fever in August, 2011.  Plaintiff suffered permanent disfigurement to his chest and arms and continues to suffer lower back pain, bone joint pain, and headaches.  (Id. at 4.)

Defendant Schwarzenegger signed Assembly Bill 900, which ordered the expansion of prison beads at PVSP.  He knew at the time that Valley Fever was deadly and prevalent at PVSP.  Defendant Hysen was in charge of facilities, planing, and construction for the CDC.  Hysen was actually aware of the Valley Fever risk but nevertheless carried out the expansion of beds at PVSP.  (Id. at 5.)

Plaintiff alleges that the aforementioned conduct amounts to a violation of Plaintiff's Eighth Amendment rights.  Plaintiff also alleges that Defendant Martinez's refusal to process Plaintiff's appeal was a violation of Plaintiff's First Amendment right to petition the courts.

IV.   **ANALYSIS**

A.   **Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

3

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

**B.   Eighth Amendment**

The Complaint asserts that Defendants Trimble, Hysen, and Schwarzenegger knowingly disregarded a substantial risk to Plaintiff's health in violation of the Eighth Amendment.  For the reasons discussed below, Plaintiff has failed to state a claim.

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d

4

807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

### 1.   Substantial Risk of Harm

The courts of this district have found that claims based solely on Valley Fever exposure and contraction fail to satisfy the first prong of the Eighth Amendment analysis, i.e., that the deprivation is sufficiently serious.  See Moreno v. Yates, 2011 WL 1134319, *2 (E.D. Cal. Mar. 25, 2011) (citing King v. Avenal State Prison, 2009 WL 546212, at *4 (E.D. Cal. Mar. 4, 2009)); Tholmer v. Yates, 2009 WL 174162, *3 n. 3 (E.D. Cal. Jan. 26, 2009).  However, Plaintiff alleges that he is asthmatic and that his medical condition increases the risk of contracting Valley Fever. (Compl. at 4.)  An increased risk of infection may rise to a serious medical need and satisfy the first prong of the Eighth Amendment analysis.  See Hunter v. Yates, 2009 WL 233791, *3 (E.D. Cal. Jan.30, 2009) (Allegations that Plaintiff was subjected to an increased risk of infection sufficient to state a cognizable claim.); Thurston v. Schwarzenegger, 2008 WL 2129767, *1 (E.D. Cal. May 21, 2008) (Cognizable claim where Plaintiff's medical condition increased his risk of infection.). Plaintiff has alleged that his asthma increases the risk of infection and thus satisfies the first element of his Eighth Amendment claim.

### 2.   Deliberate Indifference

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id.

(quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff alleges that he made Defendant Trimble aware of the substantial risk by filing an inmate appeal.  As pled, this allegation is purely conclusory; there are no facts alleged which would show that Trimble actually received Plaintiff's appeal and became aware of the risk.  Indeed, such a claim would be inconsistent with Plaintiff's allegation that Defendant Martinez screened out and refused to process Plaintiff's appeal.  Plaintiff fails to satisfy the second element of his claim against Defendant Trimble.

The Complaint alleges that Defendants Schwarzenegger and Hysen were responsible for the expansion of beds at PVSP.  Schwarzenegger is alleged to have signed a bill authorizing the expansion and Hysen allegedly carried it out.  It is alleged that both Defendants were aware that Valley Fever was prevalent in an around PVSP.  However, Plaintiff does not allege that either Defendant was aware that Plaintiff was asthmatic and was therefore at an increased risk of contracting Valley Fever.  Exposure to Valley Fever without an increased risk of infection is not a sufficiently serious risk of harm for the purposes of an Eighth Amendment claim.  Moreno, 2011 WL at *2.  Thus, Plaintiff's Eighth Amendment claims against Defendants Schwarzenegger and Hysen also fail.

Plaintiff has failed to state a cognizable Eighth Amendment claim against Defendants Trimble, Schwarzenegger, and Hysen.  The Court will provide Plaintiff an opportunity to amend.  In order to satisfy the deliberate indifference requirement, Plaintiff must allege truthful facts demonstrating that the Defendants knew of and disregarded a substantial risk of serious harm to Plaintiff.  Farmer, 511 U.S. at 847.  The allegations must show that the Defendants were actually aware of the risk.  Toguchi, 391 F.3d at 1057.

C.   **First Amendment**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

Prisoners have a constitutional right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of prison grievance procedures) (overruled on other grounds by Shaw v. Murphy, 532 U.S. 223, 230 n. 2 (2001)).  This right requires prison officials to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law."  Bounds, 430 U.S. at 828.  The right, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis, 518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and § 1983 suits.  See id. at 353 n. 3, 354-55.  Therefore, the right of access to the courts is only a right to present these kinds of claims to the court, and not a right to discover claims or to litigate them effectively once filed.  See id. at 354-55.

16
17
18
19
20
21
22

As a jurisdictional requirement flowing from the standing doctrine, the prisoner must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim.  See id.  Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes.  Lewis, 518 U.S. at 362.

23
24
25
26
27

Plaintiff has not alleged any facts which support a claim that he has suffered an actual injury as a result of Defendant Martinez's failure to process Plaintiff's appeal.  To the extent Plaintiff may believe the refusal to process his appeals gives rise to a viable claim for denial of access to the courts, Plaintiff is incorrect.  Such a claim accrues only when an

1  inmate suffers an actual injury, and speculation that the inability to pursue an appeal will

2  lead to a future litigation injury is insufficient.  Christopher v. Harbury, 536 U.S. 403, 415

3  (2002); Lewis, 528 U.S. at 351; Phillips v. Hust , 588 F.3d 652, 655 (9th Cir. 2009).

4          The Court will provide Plaintiff an opportunity to clarify and amend his First

5  Amendment claim.  To state a viable claim for relief, Plaintiff must show that he suffered

6  an actual injury, which requires "actual prejudice to contemplated or existing litigation."

7

8  Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518

9  U.S. at 348) (internal quotation marks omitted).

10 **V.    CONCLUSION AND ORDER**

11         Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court

12 will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d

13 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the

14 alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-

15

16 49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible

17 on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also

18 demonstrate that each named Defendant personally participated in a deprivation of his

19
   rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).
20

21         Plaintiff should note that although he has been given the opportunity to amend, it

22 is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir.

23 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing

24 the deficiencies set forth above.

25         Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

26
   be complete in itself without reference to any prior pleading.  As a general rule, an
27

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed September 13, 2011;

2.     Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.     Plaintiff shall file an amended complaint within thirty (30) days; and

4.     If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.

IT IS SO ORDERED.

Dated:   May 24, 2012        /s/ Michael J. Seng
                             UNITED STATES MAGISTRATE JUDGE

9