IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK OWENS, JR., | 1:11-cv-01540-LJO-MJS (PC) |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS (1) GRANTING DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS (2) REQUIRING PAYMENT OF THE FILING FEE, AND (3) EXTENDING DEFENDANTS' TIME TO FILE RESPONSIVE PLEADING |
| R.H. TRIMBLE et al., | |
| Defendants. | |
| | (ECF No. 15) |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.   PROCEDURAL HISTORY**

Plaintiff, Frederick Owens, Jr., is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed on September 13, 2011 pursuant to 42 U.S.C § 1983. (ECF Nos. 1, 4.) This matter arose during Plaintiff's incarceration at Pleasant Valley State Prison ("PVSP"). It proceeds on his First Amended Complaint charging Defendants Trimble, PVSP Warden, and Igbinosa, California Department of Corrections and Rehabilitation Medical Director with having subjected Plaintiff to inhumane conditions of confinement, namely exposing Plaintiff to Valley Fever infection. (ECF No. 11.) Valley Fever, also known as coccidioidomycosis, is a serious infectious disease contracted by inhalation of an airborne fungus. See Definition of Coccidioidomycosis (Valley Fever) http://www.cdc.gov/fungal/coccidiopidomycosis/definition.html (last updated March 15,

2012).

Pending before the undersigned is Defendants' November 15, 2012 Motion To Revoke Plaintiff's In Forma Pauperis Status and request for extension of time to respond to Plaintiff's Complaint. (ECF No. 15.) Plaintiff filed Opposition on November 30, 2012. (ECF No. 16.) Defendants filed a Reply on December 5, 2012. (ECF No. 17.) The Motion is deemed ready for ruling. Local Rule 230(l).

## II.  LEGAL STANDARD

28 U.S.C. § 1915 governs proceedings in forma pauperis. Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

If the defendant makes a prima facie showing, the burden shifts to the plaintiff to persuade the Court that § 1915(g) does not apply." Martinez v. U.S., 812 F.Supp.2d 1052, 1056 (C.D. Cal. 2010).

"[I]f the language of a statute is clear, we look no further than that language in determining the statute's meaning," unless "what seems to be the plain meaning of the statute . . . lead[s] to absurd or impracticable consequences." Seattle–First Nat'l Bank v. Conaway, 98 F.3d 1195, 1197 (9th Cir. 1996). The language of § 1915(g) is clear: a dismissal on the ground that an action is frivolous, malicious, or fails to state a claim counts as a strike. Adherence to the language of § 1915(g) by counting as strikes only those dismissals that were made upon the grounds of frivolity, maliciousness, and/or failure to state a claim does not lead to absurd or impracticable consequences. Federal courts are well aware of the existence of § 1915(g). If a court dismisses an action on the grounds that it is frivolous, malicious, and/or fails to state a claim, the court should state as much. Such a dismissal may then be counted as a strike under § 1915(g).

## III. DISCUSSION

### A. Revocation of IFP

#### 1. Three or More Strikes

Defendants argue the following cases should count as strikes against Plaintiff: (1) Owens v. Ayers, et al., USDC-ND Case No. 3:01-cv-3720, dismissed on January 15, 2002 for failure to state a claim; 2) Owens v. Sacramento Sheriff, et al., USDC-ED Case No. 2:96-cv-568, dismissed on January 3, 1997 as frivolous and for failure to prosecute; (3) Owens v. Terhune, et. al., USDC-ED Case No. 2:01-cv-01079, dismissed on February 18, 2003 for failure to state a claim and failure to prosecute; (4) Owens v. Ayers, et. al., USDC-ND Case No. 4:01-cv-03272, dismissed on January 30, 2003 as frivolous and for failure to state a claim and for failure to prosecute; (5) Owens v. Ayers, et. al., Ninth Circuit Case No. 02-15372, dismissed on March 10, 2003 as frivolous and for failure to prosecute.

Plaintiff appears to concede these cases count as strikes pursuant to 28 U.S.C. § 1915(g). Nonetheless, this Court must review "the underlying court orders" identified by Defendants and "make an independent assessment of whether [these] prior cases were frivolous, malicious or failed to state a claim," before revoking Plaintiff's IFP privilege. Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

The Court takes judicial notice of the above actions,[1] and finds these cases do count as strikes pursuant to 28 U.S.C. § 1915(g).

The Court concludes that Plaintiff has thus accrued three or more strikes pursuant to 28 U.S.C. § 1915(g). Because Plaintiff was subject to the three strikes provision of § 1915(g) since at least 2003, he may not proceed in forma pauperis in this action unless, at the time of the filing of this action, he was under imminent danger of serious physical injury.

#### 2. Imminent Danger Exception

---

[1] United States ex. Rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (a court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.").

-3-

1    To meet the imminent danger exception, the threat or prison condition must be real
2 and proximate, Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003), and the danger of
3 serious physical injury must exist at the time the complaint is filed. Malik v. McGinnis, 293
4 F.3d 559, 562-63 (2d Cir. 2002).

5    A prisoner's allegation that he or she faced danger in the past is insufficient to allow
6 the prisoner to proceed in forma pauperis. Addul-Akbar v. McKelvie, 239 F.3d 307, 312-13
7 (3d Cir. 2001). However, "the imminent danger faced by the prisoner need not be limited to
8 the time frame of the filing of the complaint, but may be satisfied by alleging a danger that
9 is ongoing. Plaintiff could, therefore, possibly satisfy the imminent danger exception by
10 alleging an ongoing threat." Tierney v. Alo, - - - F.2d - - - -, 2012 WL 622238 at *2 (D.
11 Hawai'i February 24, 2012); citing Andrews v. Cervantes, 493 F.3d 1047, 1056 (9th Cir.
12 2007).

13    Defendants assert that since the Complaint alleges Plaintiff contracted Valley Fever
14 prior to instituting this action, the threat of Valley Fever infection was no longer imminent at
15 the time the Complaint was filed.

16    Plaintiff responds that at the time of filing, Defendants had a practice of
17 incarcerating inmates at higher risk of contracting Valley Fever, like Plaintiff and others at
18 PVSP where the soil is tainted with Valley Fever, exposing them to the risk of contracting
19 the disease and/or suffering future physical injury through its recurrence.

20    Defendants reply that, unlike in Andrews where the plaintiff alleged ongoing
21 exposure to diseases not yet contracted, Plaintiff was infected with Valley Fever when this
22 action was initiated and the pleadings do not allege an ongoing danger of recurrence.

23    The Court finds that Plaintiff is not within the imminent danger exception. The
24 pleadings allege imminent danger of contracting Valley Fever. (ECF No. 1 at 4; ECF No. 10
25 at 3-4.) However, Plaintiff apparently contracted Valley Fever in August 2011. (Id.) He
26 initiated this action on September 13, 2011. (ECF No. 1.) The threat of contracting Valley
27 Fever was not an imminent threat at the time Plaintiff filed this action because, sadly, he
28 already had contracted the disease.

Plaintiff has not plead he remains exposed to the threat of recurrence of Valley Fever, although he does suggest such a claim in his Opposition. Therefore Plaintiff's reliance upon <u>Andrews'</u> allowance of a claim of continuing threat is unavailing.

The Court finds Plaintiff not to be within the imminent danger exception for the reasons stated above. Defendants' Motion to Revoke IFP Status should be granted and Plaintiff required to pay the filing fee in full.

### B.     Extension of Time to Respond to Complaint

Defendants request an extension of time to file their responsive pleading as follows: in the event this Motion is denied, until fifteen days after a ruling on this Motion, and, in the event this Motion is granted, until fifteen days after notice is given that Owens has paid the filing fee.

Defendants request for extension of time to file their responsive pleading should be granted such that, for the reasons stated above, a responsive pleading should be due not later than fifteen days after notice is given by the Court Clerk that Plaintiff has paid the filing fee.

### IV.    CONCLUSIONS AND RECOMMENDATIONS

The undersigned concludes that Plaintiff's IFP status should be revoked because he accrued three or more strikes and was not under imminent danger of serious physical harm at the time this action was initiated, 28 U.S.C. § 1915(g); Plaintiff should be provided with the opportunity to pay the filing fee in full; and the time for Defendants to file a responsive pleading should be extended until fifteen days after notice is given by the Court Clerk that Plaintiff has paid the filing fee.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     Defendants' Motion to Revoke Plaintiff's in forma pauperis status, filed November 15, 2012, should be GRANTED;

2.     Plaintiff's in forma pauperis status should be REVOKED;

3.     Plaintiff should be ordered to pay the full $350.00 filing fee within fourteen (14) days from the date of service of the District Judge's order adjudicating these Findings

1 and Recommendations;

2     4.    The time for Defendants to file a responsive pleading should be extended 3 until fifteen days after notice is given by the Court Clerk that Plaintiff Owens has paid the 4 filing fee; and

5     5.    Failure to timely pay the full filing fee should result in dismissal of this action 6 without prejudice.

7     These Findings and Recommendations are submitted to the United States District 8 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). 9 Within fourteen days after being served with these Findings and Recommendations, any 10 party may file written objections with the Court and serve a copy on all parties. Such a 11 document should be captioned "Objections to Magistrate Judge's Findings and 12 Recommendations." Any reply to the objections shall be served and filed within fourteen 13 days after service of the objections. The parties are advised that failure to file objections 14 within the specified time may waive the right to appeal the District Court's order. Martinez v. 15 Ylst, 951 F.2d 1153 (9th Cir. 1991).

21 IT IS SO ORDERED.

22 Dated:   May 30, 2013              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE